FAIR, J.,
for the Court:
¶ 1. Arthur Thomas seeks the retroactive benefit of Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 188 L.Ed.2d 407 (2012), and its companion case, Jackson v. Hobbs. In those consolidated cases, the United States Supreme Court held that a sentence of life without parole for juveniles convicted of homicide, without more, violates the Eighth Amendment to the Constitution of the United States.
¶2. Following the recent pronouncements of our state’s highest court, we remand Thomas’s case to the Circuit Court of Copiah County “for a new sentencing hearing to be conducted consistently with [the Mississippi Supreme] Court’s opinion in Parker [v. State, 119 So.3d 987 (Miss.2013) ].” Jones v. State, 122 So.3d 698, 703 (¶ 18) (Miss.2013).
FACTS
¶ 3. Thomas was seventeen years old on October 16, 1996, when he and Henry Lee Sanders robbed a small grocery store in Copiah County. The robbery went bad, and Sanders, who went into the store while Thomas remained in their vehicle, shot and killed one of the store employees and wounded the other.
¶ 4. Thomas pled guilty on March 25, 1997, to one count of capital murder and one count of aggravated assault. On the capital murder charge, the circuit court sentenced him to life in prison without eligibility for parole, pursuant to Mississippi Code Annotated sections 97-3-21(3) (Rev.2006) and 47-7-3(1)(h) (Rev.2006). Thomas also received a sentence of twenty years for aggravated assault, to run consecutively.
¶ 5. Thomas points out that he had no prior felony convictions. He has served seventeen years in prison since the robbery occurred and is now age thirty-four, twice the age when he robbed the store.
¶ 6. Thomas has filed two prior motions for post-conviction collateral relief (PCR), in 1997 and 1999. On both occasions, filing pro se, Thomas claimed he was innocent because he did not know that his companion, Sanders, was going to rob the store. In neither prior PCR case did Thomas pursue an appeal.
¶ 7. In November 2012, Thomas filed his third pro se PCR motion, this time adding the argument that his life sentence without parole for capital murder was unconstitutional under the recent decisions of the United States Supreme Court in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, -U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In Graham, the Supreme Court held that “[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” Graham, 130 S.Ct. at 2034. In Miller, it held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” Miller, 132 S.Ct. at 2469.
¶ 8. The circuit court did not reach the merits of Thomas’s claim for relief under Miller. Instead, it ruled that his claim was procedurally barred because the rule of law announced in Miller is not “retroactive.” Counsel of record joined Thomas, pro bono, for his appeal to this Court.
DISCUSSION
¶ 9. While Thomas’s motion and subsequent appeal were pending, this Court handed down Hye v. State, — So.3d(Miss.Ct.App.2013), and the Supreme Court of Mississippi handed down Jones v. State, 122 So.3d 698 (Miss.2013), and Par *159 ker v. State, 119 So.3d 987 (Miss.2013). All addressed the impact of Miller v. Alabama on juveniles sentenced to life in prison without parole in Mississippi.
¶ 10. In Hye, — So.3d at-(¶ 20), on direct appeal, we held:
Hye, who was sixteen years old at the time of the crime, contends his mandatory life sentence without parole is unconstitutional. The State concedes this, and we agree. The United States Supreme Court recently held that mandatory life imprisonment without parole for those who were juveniles at the time of their crimes violates the Eighth Amendment’s prohibition on cruel and unusual punishments. Miller v. Alabama, [- U.S. -, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012)]. The Court in Miller suggested factors to consider when determining whether a juvenile should be sentenced to life or life without parole, including “chronological age and its hallmark features,” “family and home environment,” “circumstances of the homicide offense,” and “the possibility of rehabilitation.” Id. at 2468. Thus, we reverse and remand for resentencing in accordance with Miller.
¶ 11. In Parker, the Mississippi Supreme Court held that sections 97-3-21 and 47 — 7—3(l)(h), when applied without consideration of the Miller factors, violate the United States Constitution. See Parker, 119 So.3d at 995-99 (¶¶ 17-28). That conclusion is directly applicable to Thomas. In Jones the supreme court further extended Miller and Parker to have retroactive effect not only in direct appeal cases, but also in post-conviction collateral relief cases. See Jones, 122 So.3d at 703 (¶ 18).
¶ 12. Thomas also attacks the overall constitutionality of section 47-7-3(1)(h), but Jones directly rejected this argument, which was fully encompassed in the dissent in that case and the dissent in Parker as well. See Jones, 122 So.3d at 702-03 (¶¶ 13-17). The Jones majority held:
To be clear, neither the sentencing statute, Section 97-3-21, nor the applicable parole provision, Section 47—7—3(1)(h), has been abrogated, as posited by the dissent. Section 97-3-21 does not violate the Miller mandate. Section 47-7-3(1)(h) cannot be applied in all cases, but can be applied constitutionally to juveniles who fail to convince the sentencing authority that Miller considerations are sufficient to prohibit its application. Therefore, in order to comply with the United States Constitution and to make Miller considerations more than perfunctory, we put in place a “stop-gap mechanism” which allows the sentencing authority “to annul application of Section 47—7—3(1)(h).” Parker, 119 So.3d [at 995 (¶ 27) ]. This mechanism enables the trial judge to nullify application of subsection (h) to ensure protection of a juvenile’s Eighth Amendment rights.
See Jones, 122 So.3d at 702-03 (¶ 14).
CONCLUSION
¶ 13. We vacate Thomas’s sentence and remand this case to the Circuit Court of Copiah County for a new sentencing hearing to be conducted as follows:
After consideration of all circumstances required by Miller, the trial court may sentence [Thomas], despite his age [at the time of the offense and his conviction], to “life imprisonment.” See Miller, 132 S.Ct. at 2469 (“[W]e do not foreclose a sentencer’s ability to make that judgment in homicide cases.”). However, if the trial court should determine, after consideration of all circumstances set forth in Miller, that [Thomas] should be eligible for parole, the court shall enter a sentence of “life im *160 prisonment with eligibility for parole notwithstanding the present provisions of Mississippi • Code Section 47-7-3(1)(h).”
Parker, 119 So.3d at 999 (¶ 28) (footnote omitted).
¶ 14. Though not exclusive, the Miller factors, noted above in Hye, should be considered and addressed on the record.
¶ 15. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.